BENJ. F. BENNETT ET AL. *v.* GEO. W. DARLINGTON ET AL.

**Ejectment—Title of Plaintiff.**
> In order to recover in ejectment the plaintiff must rely on his own title to the land, and not the want of title in defendant.

APPEAL FROM GREENUP CIRCUIT COURT.

February 13, 1874.

OPINION BY JUDGE PRYOR:

The appellants claim to hold the land in controversy under Craycraft, who disclaims having any possession, right of possession, or title at any time to the land within the disputed boundary. The sale by Baker passed no right to Craycraft, as the deed from the commissioner fails to make any conveyance therefor, and if he had, the preponderance of the testimony shows that the Grays were at that time in the possession of the land. It is true that the mortgage made to Mrs. Pilson by Darlington embraced this boundary or this particular tract, and the commissioner was directed to sell the land described in the petition. The conveyance was made by the commissioner to Craycraft, the purchaser, in the year 1855, ten or twelve years prior to the institution of this suit; and the appellees have been since, as well as years before, in the undisturbed possession of it, claiming to hold this land as their own property. The report of the commissioner fails to show what he did sell, and the proof introduced on that subject by the appellees conduces strong-

ly to show that this tract was omitted to be sold, for the reason of the want of title in Darlington.

Greenslate, Bryson and others say that they were present when the Globe Furnace property was sold, and that Pilson, the beneficiary in the mortgage, announced that the Hugh Read tract would not be sold, as he wanted no more suits in regard to the land. This evidence, connected with the fact that the commissioner failed to convey it, should be conclusive of the question, although there is some proof conducing to show otherwise. B. F. Bennett's own statement makes it manifest that he never claimed to have purchased this land, and was ignorant, as he says, of the fact for years afterwards. This appellant and witness say that he told People Gray, one of the appellees, that he owned no such tract of land, but Gray insisted that he did, as he had purchased all of the Darlington property. The Grays were then in the possession of the land, and had been for many years, and must have been ignorant of their rights as the appellant seems to have been in regard to the land he owned. It is clear that the appellants acquired no greater or better title than Craycraft had and neither ever had any title to this land by purchase or otherwise. Craycraft at no time claimed it, and the appellants asserted no claim until long after the purchase of the Globe Furnace property when they were informed as they now insist, by one of the appellees that it belonged to them.

It is certain that this land was not involved in the litigation between the Grays and Scott heirs, as the weight of the parol proof is to the contrary, as well as the record of the proceedings in the action of ejectment. The Grays were then in the possession of the land, and would hardly bring an ejectment to recover that which they already had. The deed of compromise also shows conclusively that this present tract of land was not then involved in litigation. The whole record shows that at the date of the mortgage from Darlington to William Sparks the appellees were in the possession of this land and have continued in the possession ever since, by themselves or tenants, and that there is no title whatever in the appellees. There might be some trouble as to the right of the Grays to a part of this 200-acre tract but for their long and continued holding, still this title is in the original patentees, and not in the appellants, and therefore they can have no recovery. They must show their own title, and not a want of title on the part of the appellee. There is nothing in the record authorizing a recovery by

the appellants. The judgment is affirmed on the original and cross-appeal.

*Dalin, Ireland, Bennett, for appellants.*

*L. T. Moore, Roe, for appellees.*